## ABRAMS v. COLUMBIA, NEWBERRY AND LAURENS RAILROAD.

1. APPEAL.—This Court will not review judgment of Circuit Court affirming magistrate in refusing nonsuit because there was no evidence to show that freight was delivered to defendant, or that it was a connecting carrier, unless appellant can show entire failure of evidence to support them.

2. IBID.—WHEN CHARGE of magistrate is not given, this Court cannot consider if he charged on the facts.

3. COMMON CARRIER—CONSTITUTION—FREIGHT—MAGISTRATE—INTEREST. —24 Stat., allowing interest on claim for damage to or loss of freight does not *require* to demand interest, and if consignee sues for actual amount of damage without interest and recovers amount claimed, he is entitled to penalty. This statute is constitutional.

4. IBID.—FREIGHT—MAGISTRATE—JUDGMENT.—In a suit against carrier for an amount of damage to freight and for penalty for failure to pay claim, no demand made for interest in suit, where verdict is for amount claimed, magistrate has no authority to enter up judgment for interest and penalty in addition to verdict.

Before KLUGH, J., Laurens, August, 1905. Reversed.

Action by J. W. Abrams against Columbia, Newberry and Laurens Railroad Co. From Circuit order affirming magistrate judgment, defendant appeals.

*Messrs. W. H. Lyles, Dial & Todd,* for appellants. The latter cite: *24 Stat., 1, 2, contravenes 14th amendment of U. S. Con., and art I., sec. 5, Con. of S. C.:* 63 S. C., 196; 165 U. S., 155.

*Mr. W. C. Irby, Jr.,* contra (oral argument).

April 2, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought in a magistrate's court to recover $50, the value of a bundle of household goods alleged to have been shipped from Whitmires, S. C., a station on the Seaboard Air Line Railway,

to the plaintiff, the owner, at Laurens, S. C., a terminus of the defendant's railroad; demand was made also for the statutory penalty of $50 against the defendant for failure to adjust and pay the claim within forty days after it was filed. The jury found a verdict for $50, whereupon the magistrate entered judgment not only for the amount of the verdict, but also for $50 as the penalty and the interest on the claim from date of filing, which he adjudged the plaintiff entitled to recover, in addition to the verdict. The appeal is from a judgment of the Circuit Court affirming the judgment of the magistrate.

The exception alleging error by the magistrate in not granting a nonsuit on the ground that there was no testimony proving or tending to prove that the articles described in the complaint were ever delivered to the defendant, or that it ever became liable as a connecting carrier, cannot be sustained. On this issue of fact the jury in the magistrate's court and the Circuit Judge found against the defendant, and this Court cannot reverse the finding unless appellant can show an entire failure of testimony to support it. The bill of lading was in evidence, but its terms are not disclosed by the record, and we cannot assume it furnished no evidence of defendant's liability as a connecting carrier under the terms of the statute of 1903 (24 Stat., 1).

As the charge of the magistrate does not appear in the record, there is no basis for the exception alleging that he charged the jury as to matters of fact.

The statute providing for the penalty demanded in this case makes the carrier liable for interest on the claim, but it does not require the claimant to demand it, and where, as in this case, he chooses to waive interest both in filing and suing his claim, the failure to recover interest does not prevent the recovery of the penalty. The verdict for $50, therefore, does not, as defendant contends, necessarily imply that the jury fixed the value of the goods

at less than $50, the amount claimed, and allowed interest on the reduced amount in order to reach a verdict of $50.

The statute under which the penalty was claimed has been declared constitutional in *Seegers* v. *S. A. L. Ry. Co.,* 73 S. C., 71, and the exception on that point must fail.

The magistrate erred in adding interest and the penalty of $50 to the amount of verdict and entering judgment for the aggregate amount. The act provides: "Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved in any court of competent jurisdiction: *Provided,* That unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid." The defendant, therefore, was as much entitled to be heard in a regular trial on the issue of its liability for the penalty as for the amount of the claim itself. The full amount of the claim might well be allowed by the jury, and yet they might have the best of reasons for refusing to find a verdict for the penalty, as for instance that the claim had not been filed with the agent of the carrier at the point of destination or had not been so filed for the prescribed time before the commencement of the action. All the material allegations of the complaint were denied, and all the issues were submitted to a jury, whose verdict was for $50. The magistrate had the power to grant a new trial on the ground that he considered the jury had no just ground for failing to include interest and the penalty in their finding, but he could not himself add interest and the penalty to the verdict. The judgment must be limited to the verdict found.

The judgment of this Court is, that the judgment of the magistrate be set aside, with leave to the plaintiff to enter judgment for the sum of fifty dollars.